IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KIMBERLEE ELLINGTON, et al.,** | ) | Case No. 12-862 |
| | ) | |
| **Plaintiffs,** | ) | Judge Bertelsman |
| | ) | |
| -v- | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| **CHSHO, Inc. d/b/a** | ) | |
| **CARINGTON HEALTH SYSTEMS,** | ) | |
| | ) | |
| **Defendant.** | | |

The parties to this action, by and through their respective attorneys, stipulate and agree to the following Protective Order to be entered in this case in order to safeguard confidential information that may be disclosed in the course of this action.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents or things produced or otherwise disclosed in this litigation:

1. **Definitions**

    a. Confidential Information: As used herein, "confidential information" shall mean any information, documents, testimony or other things furnished in the course of this litigation containing proprietary and/or personnel information that any party, in good faith, deems confidential and designates as "CONFIDENTIAL" pursuant to the procedures set forth below. Such documents may include, but are not limited to: (a) payroll, wage, and salary information of any named plaintiff or any opt-in plaintiff; (b) Defendant CHSHO, Inc. dba Carington Health Systems' ("Carington") employment policies and procedures; and (c) any document that the parties agree in writing to treat as CONFIDENTIAL.

    The term CONFIDENTIAL DOCUMENTS shall include information, documents, testimony or other things obtained by any party from a third party via subpoena, deposition or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronic copy and video.

    b. Attorneys' Eyes Only Information: Any confidential document or testimonial information produced by any party which contains trade secrets or a non-party's

private personnel information may be designated in writing as ATTORNEYS' EYES ONLY. Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include:

i. Proprietary information containing trade secrets of a party;

ii. Personnel information incorporating trade secrets of a party;

iii. Corporate financial information;

iv. Proprietary information of corporate business practices, strategies, contract negotiations, and any other business information that is competitively sensitive and non-public;

v. Marketing and business plans of a party; and

vi. Private personnel records of persons not a party to this action, including a record containing a current or former employee's social security number or medical records.

Other categories of ATTORNEYS' EYES ONLY information may exist.

Examples of the types of information which may not be designated as ATTORNEYS' EYES ONLY include:

i. Personnel files, including performance and disciplinary records, of any Plaintiffs;

ii. Salary or other wage records for individuals who are Plaintiffs or who become Plaintiffs (either by opting-in to the collective action or declining to opt-out of the class, should this action be certified as a class action) during this litigation.

2. **Designation of Information**

   a. Documents, information, or tangible items shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the meaning of this Protective Order in the following ways:

      i. In the case of documents or tangible items that are produced by any party, designation shall be made by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a document contains multiple pages, the designation need only be made on the first page of the document.

      ii. In the case of documents or tangible items that are obtained from third parties (by subpoena or otherwise), upon receipt by the receiving party,

    the documents or tangible things automatically shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" The receiving party shall furnish a copy thereof to all parties within ten (10) business days of receipt. (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.) All parties thereafter shall have twenty-one (21) calendar days within which to formally designate the document or tangible thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested. If no party designates the document or tangible thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within said twenty-one (21)-day period, then the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation will terminate.

  iii. In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and identifying the specific information sought to be protected.

  iv. In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and inspected only by counsel, their staff and services retained by counsel to photocopy or image documents or evidence. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

## 3.   Right of Access to Designated Information

 a. CONFIDENTIAL Information: Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court and the following persons, who shall be required to first execute the requisite agreement as set forth in subsection (d) below:

  i. The parties and in-house counsel for the parties;

  ii. outside counsel of record for the parties;

  iii. members of the legal, paralegal, secretarial or clerical staff assisting any of these counsel;

iv. Consultants or experts retained by the parties to whom disclosure is reasonably necessary for consultation to testify in this litigation and who have signed the "Acknowledgement to be Bound," (Exhibit A);

v. Court reporters and videographers of sworn proceedings;

vi. Profession vendors retained by counsel to photocopy or image documents or evidence to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound." (Exhibit A);

vii. Any person that a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and

viii. Any witness and prospective witness who has signed the "Acknowledge and Agreement to be Bound" (Exhibit A), and to whom at least one of the following applies:

1) The witness drafted the document designated as CONFIDENTIAL;

2) The witness's name appears on the document as a person who has previously seen or had access to the document designated as CONFIDENTIAL;

3) It is otherwise established that the witness has previously seen, had access to, or has knowledge relevant to the document designated as CONFIDENTIAL;

4) The witness is a current or former employee of Carington or the designating party;

5) The witness is the original source of information included in the document;

6) The attorney taking the deposition or showing the witness the material designated CONFIDENTIAL represents the designating party; or,

7) The designating party has consented on the record to showing the CONFIDENTIAL material to the witness.

b. ATTORNEYS' EYES ONLY Information:

i. Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court and the

- 4 -


following persons, who shall be required to first execute the requisite agreement as set forth in subsection (d) below:

1) The parties' counsel of record, Carington's in-house

2) counsel or otherwise specifically identified counsel, members of the legal, paralegal, secretarial or clerical staff assisting any of these counsel;

3) Court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised;

4) Professional vendors retained by counsel to photocopy or image documents or evidence and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledge and Agreement to be Bound," (Exhibit A);

5) Experts or consultants retained by the parties and to whom disclosure is reasonably necessary for consultation or preparation to testify in this litigation and who have signed the "Acknowledgment to be Bound" (Exhibit A) ; and

6) Deponents as set forth in Section 3(e) below.

ii. If it becomes necessary for counsel for a party receiving ATTORNEYS' EYES ONLY information to disclose it to some other person(s) (other than as set forth in (1) immediately above), in order to properly prepare this litigation for trial, the following procedures shall be employed:

1) Counsel for the receiving party shall notify, in writing by overnight delivery, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure.

2) If no objection to such disclosure is made by counsel for the producing party within five (5) business days of receipt of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an agreement in the form attached hereto as Appendix A.

3) Upon receiving a party's request to disclose information or documents designated as ATTORNEYS' EYES ONLY, the designating party may agree to redact certain portions of information or documents previously designated as ATTORNEYS'

        EYES ONLY. In the event the designating party agrees to redact information or portions of a document designated as ATTORNEYS' EYES ONLY, only disclosure of the material in its redacted form shall be available to persons identified in section 3(b)(i) and only for the purposes explained by the receiving party in Section 3(b)(i). After disclosure to the persons in 3(b)(i) for the purposes described by 3(b)(i) of ATTORNEYS' EYES ONLY material, the receiving party shall retain the document or information and the document or information shall retain its ATTORNEYS' EYES ONLY designation in its entirety with regard to disclosure to any other person.

        4)    If the producing party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

        5)    Disclosure of ATTORNEYS' EYES ONLY information shall be limited to that information necessary for the witness's consultation work or preparation to testify.

    iii.    To the extent deemed necessary by counsel, Plaintiff(s) who are preparing to give testimony in this litigation may review documents or information designated as ATTORNEYS' EYES ONLY for the sole purposes of preparing to give testimony and assisting counsel in performing work in this litigation, provided that counsel must retain physical custody of the ATTORNEYS' EYES ONLY document, the review must take place in counsel's presence and under counsel's supervision, and Plaintiff(s) cannot copy or transcribe or record its contents.

c.    Prohibition Against Disclosure to Unauthorized Persons: With respect to all documents, information, or tangible items which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order. CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

d.    Requirement to Obtain a Written Agreement: Before disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order is made to anyone authorized by this Agreement to see the document or other information, counsel for the party disclosing the information shall obtain a written agreement, in the form attached hereto as Appendix A, from

each person to whom disclosure is to be made. The originals of all signed agreements shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

e. Use of Designated Information in Depositions: If, in the course of this proceeding, depositions are conducted which involve CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for the witness or party producing such information may designate, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information. If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) one or more of the Plaintiffs, (ii) a representative of Carington selected by Carington, (iii) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (iv) the reporter and videographer, if any, (v) the deponent, and (vi) counsel for the parties, including any in-house counsel for Carington. If designation of ATTORNEYS' EYES ONLY information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY information will be taken with no one present except (i) counsel for the parties and any in-house counsel for Carington, (ii) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (iii) the reporter and videographer, if any, and (iv) the deponent.

f. Third Party Witnesses: A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the deponent agrees to sign an agreement containing the wording specified in Appendix A to this Agreement and if the document is first handed to counsel for the opposing party ("opposing counsel") for inspection and either (i) the opposing counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is a managing agent of Carington. If opposing counsel objects or the witness refuses to sign an agreement containing the wording specified in Appendix A to this Agreement, opposing counsel may note the objection for the record and/or recess the deposition so that the matter can be brought before the Court for determination.

g. Unless otherwise agreed, any party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Prior to such designation, or expiration of the thirty (30)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information. Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in Section 7, until further order of the Court.

4. **Inadvertent Production:** If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of discovery of such disclosure, inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party. To the extent the receiving party has or have already disclosed this information, the receiving party shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients.

5. **Disclosure Contrary to this Agreement:** If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6. **Filing with the Court:** Any document, pleading, or tangible item which contains or reflects CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed as follows:

    a. If any document containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information is introduced as an exhibit or otherwise placed among the Court papers in this case, it shall be filed in a sealed envelope or container marked with the case caption and a notice substantially as follows:

    **CONFIDENTIAL**

    **This envelope or container holds information of [name of party] filed under seal pursuant to a protective order. This envelope or container may not be opened, and the contents hereof may not be displayed or revealed, except by direction of the Court or by written consent of [name of party].**

    b. The Clerk is ordered to inform any member of the public desiring access to any of the papers of this suit filed under seal that the papers have been sealed.

7. **Challenge to Confidentiality Designation**

    a. Any party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

If the receiving party disagrees with the designation and marking by any producing party of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to resolve such disputes on an informal basis through the following procedure:

i. A party who seeks to challenge a designating party's confidentiality designation may at any time serve written notice (i) objecting to a designation made by the designating party or (ii) proposing to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information or documents to a person to whom such disclosure is not authorized by this Order.

ii. The parties shall attempt to resolve any dispute within seven (7) calendar days from the designating party's receipt of notice challenging the designation or proposing disclosure. Within four (4) calendar days, the designating party must provide written notice that it is (i) changing or refusing to change the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation; (ii) redacting or refusing to redact the CONFIDENTIAL or ATTORNEYS' EYES ONLY information; or (iii) allowing disclosure or refusing to allow disclosure to unauthorized persons.

iii. Any dispute that the parties are unable to resolve, including a challenge to a confidentiality designation, shall be raised by the challenging party after the expiration of the seven-day period by a regularly-noticed motion to the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Ohio. The designating party has the burden to show good cause as to why a document should be protected as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The challenging party must comply with all terms of this Order with respect to the challenged materials while awaiting a ruling on the motion bringing the challenge. If agreement cannot be reached between counsel, the party designating the document shall indicate in writing the reason for its designation. The party opposing the designation may present such dispute to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

8. **The restrictions set forth in this Order shall not apply to information or material that:**

   a. Was, is or becomes public knowledge, not in violation of this Order;

   b. Is acquired lawfully by the non-designating party from a third party and was not designated as "Confidential" by either party in accordance with Section 2;

   c. Was lawfully possessed by the non-designating party from a third party;

- 9 -

    d.    Was independently developed by the non-designating party without resort to information or material produced by the producing party; or

    e.    Is determined by this Court to fall outside of the protections afforded by Fed. R. Civ. P. 26(c).

9. **Right to Seek or Agree to Other Orders:** This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

10. **Return of Designated Information and Continued Agreement to Confidentiality**: At the conclusion of this action, including any appeals, all CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as it restricts the disclosure and use of CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall continue to be binding after the conclusion of this action.

11. The Court retains jurisdiction to make amendments and modifications to this Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise. The provisions of this Order regarding the use or disclosure of information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY will survive the termination of this action and the Court will retain jurisdiction with respect to this Order.

12. Notwithstanding any other provision in this Order, no party shall be precluded from producing CONFIDENTIAL or ATTORNEYS' EYES ONLY information in response to any lawful subpoena or order of any tribunal or of any governmental agency, provided, however, the party subject to such subpoena or order must give the producing and/or designating party immediate notice (but in no event, less than five business days notice, unless not practicable) of the existence of such subpoena or order prior to complying with it so that the producing and/or designating party has sufficient time to move to quash the subpoena or order.

DATED this 26 day of February 2013.

*Stephanie K Bowman*
United States Magistrate Judge

KEATING MUETHING & KLEKAMP PLL

By: /s/ Amber M. Justice-Manning
Gregory M. Utter (0032528)
Amber M. Justice-Manning (0082301)
*Attorneys for Defendant, CHSHO, Inc,
d/b/a Carington Health Systems.*
Agreed to and Approved for Entry;
Notice of Presentation Waived:


CARLSON LYNCH, LTD.


By: /s/ Sunshine R. Fellows
Gary F. Lynch
Sunshine R. Fellows
*Attorneys for Plaintiffs*


DATED: February 22, 2013

## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KIMBERLEE ELLINGTON, et al.,** | ) | Case No. 12-862 |
| | ) | |
| **Plaintiffs,** | ) | Judge Bertelsman |
| | ) | |
| -v- | ) | **AGREEMENT REGARDING** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| **CHSHO, Inc. d/b/a CARINGTON) HEALTH SYSTEMS,** | ) | |
| | ) | |
| **Defendant**. | | |

I have read the Stipulated Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Stipulated Protective Order is a Court order designed to preserve the confidentiality of certain confidential information. I also understand that the Stipulated Protective Order restricts the use, disclosure, and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Stipulated Protective Order with respect to any information designated "Confidential" or "Attorneys' Eyes Only" that is furnished to me. I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Stipulated Protective Order.

AGREED TO:

_____

Printed Name:_____

4781653.2